IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02089-BNB

JONATHAN LEE RICHES, a/k/a
FAISAL SHAHZAD,

        Plaintiff,

v.

IMAM ANWAR AL-AWLAKI, et al.,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 26 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DISMISSING CASE AND IMPOSING SANCTIONS

---

Plaintiff, Jonathan Lee Riches, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Medical Center in Lexington, Kentucky. He attempted to initiate this action by submitting *pro se* a document titled "Preliminary Injunction, Temporary Restraining Order 28 USC 1331."

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted document was deficient. Therefore, in an order filed on August 30, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and ordered Mr. Riches to cure certain deficiencies in this case within thirty days. Specifically, Mr. Riches was directed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. He was informed that the § 1915 motion and affidavit only was necessary if the $350.00 filing fee was not paid in advance. He also

was directed to submit a Prisoner Complaint on the proper, Court-approved form.

Lastly, he was ordered to show cause why filing restrictions should not be imposed

against him for his repetitive and abusive filings.

     The Court must construe Mr. Riches' filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the instant action will be dismissed and filing restrictions imposed against Mr.

Riches for his repetitive and abusive filings.

     This is one of twenty-five cases Mr. Riches submitted to the Court on August 20

and 23, 2010, after another action he initiated in this Court, *Riches v. Deepwater*

*Horizon Rig*, No. 10-cv-01123-ZLW (D. Colo. Aug. 3, 2010), was dismissed by an

order filed on August 3, 2010. In the August 3 dismissal order, Mr. Riches was directed

to show cause within twenty days why he should not be prohibited from filing new

actions in the United States District Court for the District of Colorado without the

representation of a licensed attorney admitted to practice in the United States District

Court for the District of Colorado, unless he obtained the Court's permission to proceed

*pro se*. On September 1, 2010, after Mr. Riches failed to show cause as directed, the

Court in Case No. 10-cv-01123-ZLW prohibited Mr. Riches from filing new actions in

this Court without the representation of a licensed attorney admitted to practice in this

Court, unless he obtained the Court's permission to proceed *pro se*.

     In the instant action, Mr. Riches has failed, within the time allowed, to cure the

designated deficiencies, to show cause as directed, or otherwise to communicate with the Court in any way. A litigant must respond to a court order or risk the consequences of not complying. *See, e.g.*, *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139-40 (10th Cir. 1994) (permitting the imposition of sanctions against a *pro se* litigant for failing to respond to a court order); *see also Debardeleben v. Pugh*, 85 F. App'x 142, 145 (10th Cir. Jan. 6, 2004) (unpublished) (same).

The instant action is yet another example of the attempts by Mr. Riches, using absurd aliases, to initiate cases in this Court that make bizarre allegations, often naming as defendants newsmakers and celebrities, both fictional and nonfictional. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The first twenty-one cases listed below have been dismissed for failure to cure deficiencies, including but not limited to Mr. Riches' failure to file a complaint, a § 1915 motion and affidavit, or a certified account statement as required by § 1915, and for his failure to prosecute.

1.     *Riches v. McVeigh*, No. 07-cv-02051-ZLW (D. Colo. Nov. 8, 2007), *appeal dismissed for lack of prosecution*, No. 10-1369 (10th Cir. Sept. 1, 2010);

2.     *Riches v. Iverson*, No. 07-cv-02217-ZLW (D. Colo. Nov. 30, 2007), *appeal dismissed for lack of prosecution*, No. 10-1372 (10th Cir. Sept. 1, 2010);

3.     *Riches v. Demers*, No. 08-cv-01309-ZLW (D. Colo. July 31, 2008), *appeal dismissed for lack of prosecution*, No. 10-1370 (10th Cir.

3

Sept. 1, 2010);

4. ***Riches v. Blahnik***, No. 08-cv-01456-ZLW (D. Colo. Aug. 22, 2008), ***appeal dismissed for lack of prosecution***, No. 10-1367 (10th Cir. Sept. 1, 2010);

5. ***Riches v. Helmsley***, No. 08-cv-01457-ZLW (D. Colo. Aug. 22, 2008), ***appeal dismissed for lack of prosecution***, No. 10-1374 (10th Cir. Sept. 1, 2010);

6. ***Riches v. Consumer Product Safety Improvement Act***, No. 09-cv-00355-ZLW (D. Colo. Apr. 3, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1375 (10th Cir. Sept. 1, 2010);

7. ***Riches v. Gowadia***, No. 09-cv-00742-ZLW (D. Colo. May 18, 2009), ***appeal dismissed as untimely***, No. 10-1376 (10th Cir. Aug. 20, 2010);

8. ***Riches v. Phillips***, No. 09-cv-01037-ZLW (D. Colo. June 15, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1371 (10th Cir. Sept. 1, 2010);

9. ***Riches v. Swine Flu***, No. 09-cv-01076-ZLW (D. Colo. June 18, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1373 (10th Cir. Sept. 1, 2010);

10. ***Riches v. Chapter II Bankruptcy***, No. 09-cv-01119-ZLW (D. Colo. June 26, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1366 (10th Cir. Sept. 1, 2010);

11. ***Riches v. Beavis & Butt-Head***, No. 09-cv-01329-ZLW (D. Colo. July 16, 2009), ***appeal dismissed for lack of prosecution***, No. 09-1329 (10th Cir. Sept. 8, 2009);

12. ***Riches v. WNBA***, No. 09-cv-01455-ZLW (D. Colo. July 31, 2009), ***appeal dismissed for lack of prosecution***, No. 09-1354 (10th Cir. Sept. 4, 2009);

13. ***Riches v. Riches***, No. 09-cv-01552-ZLW (D. Colo. Aug. 11, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1277 (10th Cir. July 21, 2010);

14. ***Riches v. Jon & Kate Plus 8***, No. 09-cv-01593-ZLW (D. Colo. Aug. 17, 2009), ***appeal dismissed for lack of prosecution***, No.

10-1284 (10th Cir. July 27, 2010);

15. ***Riches v. Ghostbusters***, No. 09-cv-01606-ZLW (D. Colo. Aug. 17, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1278 (10th Cir. July 21, 2010);

16. ***Riches v. Velentzas***, No. 09-cv-01701-ZLW (D. Colo. Sept. 9, 2009), ***appeal dismissed for lack of prosecution***, No. 10-1368 (10th Cir. Sept. 1, 2010);

17. ***Riches v. Zazi***, No. 09-cv-02409-ZLW (D. Colo. Nov. 19, 2009), ***appeal dismissed for lack of prosecution***, No. 09-1535 (10th Cir. Jan. 4, 2010);

18. ***Riches v. Readers Digest***, No. 10-cv-00088-ZLW (D. Colo. Feb. 23, 2010), ***appeal dismissed for lack of prosecution***, No. 10-1304 (10th Cir. Aug. 30, 2010);

19. ***Riches v. Brees***, No. 10-cv-00421-ZLW (D. Colo. Apr. 5, 2010), ***appeal dismissed for lack of prosecution***, No. 10-1266 (10th Cir. July 21, 2010);

20. ***Riches v. Academy Awards***, No. 10-cv-00760-ZLW (D. Colo. May 20, 2010), ***appeal dismissed for lack of prosecution***, No. 10-1264 (10th Cir. July 21, 2010);

21. ***Riches v. Deepwater Horizon Rig***, No. 10-cv-01123-ZLW (D. Colo. Aug. 3, 2010), ***appeal dismissed for lack of prosecution***, No. 10-1307 (10th Cir. Aug. 18, 2010); No. 10-cv-01123-ZLW (D. Colo. Sept. 1, 2010) (Mr. Riches prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the Court's permission to proceed ***pro se***).

Cases twenty-two through forty-six listed below comprise the twenty-five additional cases, including this one, that Mr. Riches attempted to initiate after he was directed in No. 10-cv-01123-ZLW to show cause why sanctions should not be imposed against him. To date, Mr. Riches has failed to cure deficiencies or show cause in any of the following cases.

22.   ***Riches v. Sheindlin***, No. 10-cv-02085-ZLW (D. Colo. Oct. 21, 2010) (Mr. Riches prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the Court's permission to proceed ***pro se***);

23.   ***Riches v. Province***, No. 10-cv-02086-ZLW (D. Colo. Oct. 20, 2010) (Mr. Riches prohibited from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado, unless he obtains the Court's permission to proceed ***pro se***);

24.   ***Riches v. New York Yankees***, No. 10-cv-02087-BNB (D. Colo. filed Aug. 30, 2010);

25.   ***Riches v. Saban***, No. 10-cv-02088-BNB (D. Colo. filed Aug. 30, 2010);

26.   ***Riches v. Al-Awlaki***, No. 10-cv-02089-BNB (D. Colo. filed Aug. 30, 2010);

27.   ***Riches v. Patridge***, No. 10-cv-02090-BNB (D. Colo. filed Aug. 30, 2010);

28.   ***Riches v. Pattinson***, No. 10-cv-02091-BNB (D. Colo. filed Aug. 30, 2010);

29.   ***Riches v. Mathers***, No. 10-cv-02092-BNB (D. Colo. filed Aug. 30, 2010);

30.   ***Riches v. Brand***, No. 10-cv-02093-BNB (D. Colo. filed Aug. 30, 2010);

31.   ***Riches v. Hunter***, No. 10-cv-02094-BNB (D. Colo. filed Aug. 30, 2010);

32.   ***Riches v. Rondo***, No. 10-cv-02095-BNB (D. Colo. filed Aug. 30, 2010);

33.   ***Riches v. Assange***, No. 10-cv-02096-BNB (D. Colo. filed Aug. 30, 2010);

34.   ***Riches v. Polizzi***, No. 10-cv-02109-BNB (D. Colo. filed Aug. 31, 2010);

35.   ***Riches v. Fedotowsky***, No. 10-cv-02110-BNB (D. Colo. filed Aug. 31, 2010);

36.   ***Riches v. Elway***, No. 10-cv-02111-BNB (D. Colo. filed Aug. 31, 2010);

37.  *Riches v. Anthony*, No. 10-cv-02112-BNB (D. Colo. filed Aug. 31, 2010);

38.  *Riches v. Tea Party*, No. 10-cv-02113-BNB (D. Colo. filed Aug. 31, 2010);

39.  *Riches v. Girardi*, No. 10-cv-02114-BNB (D. Colo. filed Aug. 31, 2010);

40.  *Riches v. Disick*, No. 10-cv-02115-BNB (D. Colo. filed Aug. 31, 2010);

41.  *Riches v. Trans-Alleghency Lunatic Asylum*, No. 10-cv-02116-BNB (D. Colo. filed Aug. 31, 2010);

42.  *Riches v. 62nd Annual Emmy Awards*, No. 10-cv-02117-BNB (D. Colo. filed Aug. 31, 2010);

43.  *Riches v. Leave It to Beaver*, No. 10-cv-02118-BNB (D. Colo. filed Aug. 31, 2010);

44.  *Riches v. Hughes*, No. 10-cv-02119-BNB (D. Colo. filed Aug. 31, 2010);

45.  *Riches v. McChrystal*, No. 10-cv-02120-BNB (D. Colo. filed Aug. 31, 2010); and

46.  *Riches v. Source Magazine*, No. 10-cv-02121-BNB (D. Colo. filed Aug. 31, 2010).

This Court has made repeated efforts to allow Mr. Riches to cure deficiencies and defects in his filings. However, the Court will not tolerate abuse of its limited judicial resources by *pro se* litigants who initiate actions and then repeatedly fail to comply with Court orders to cure the defects in their filings.

The instant action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure and for failure to prosecute. Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the text of Rule 41(b) requires a defendant's motion to

dismiss, "the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Mr. Riches has been warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) (per curiam). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Id.* at 353 (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 U.S. 1070, 1077 (10th Cir. 2007).

> Specifically, injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented.

*Id.*

Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* litigant, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]"). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen.*

*Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will support an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A litigant has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Therefore, on August 30, in an effort to give Mr. Riches his opportunity to oppose the imposition of filing restrictions before they were implemented, Magistrate Judge Boland ordered him to show cause within thirty days, whether or not he cured the designated deficiencies, why filing restrictions should not be imposed against him for his repetitive and abusive filings. As previously noted, Mr. Riches failed to respond to the August 30 show-cause order.

The Court finds that Mr. Riches' history of filing repetitive and abusive actions demonstrates that imposition of filing restrictions is appropriate. The Court will prohibit him from filing new actions in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the United States District Court for the District of Colorado unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Mr. Riches will be directed to take the following steps:

1.  File with the clerk of this Court a motion requesting leave to file a *pro se* action.

2.  Include in the motion requesting leave to file a *pro se* action the

following information:

A.     A list of all lawsuits currently pending or filed
       previously in the District of Colorado, including the
       name, number, and citation, if applicable, of each
       case, and the current status or disposition of each
       case; and

B.     A statement of the legal issues to be raised in the
       proposed new pleading and whether he has raised
       the same issues in other proceedings in the District of
       Colorado.  If so, he must cite the case number and
       docket number where the legal issues previously
       have been raised.

3.     Submit the proposed new pleading to be filed in the **pro se** action.

The motion requesting leave to file a **pro se** action and the proposed new

pleading shall be submitted to the clerk of the Court, who shall forward them to the

judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for

review.  If the motion requesting leave to file a **pro se** action is denied, the matter will

be dismissed.  If the motion requesting leave to file a **pro se** action is granted, the case

will proceed in accordance with the Federal Rules of Civil Procedure and the Local

Rules of Practice of the United States District Court for the District of Colorado-Civil.

Accordingly, it is

ORDERED that the instant action is dismissed pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure for the failure of Plaintiff, Jonathan Lee Riches, to cure

the deficiencies designated in the August 30, 2010, order within the time allowed.  It is

FURTHER ORDERED that Mr. Riches is prohibited from filing new actions in the

United States District Court for the District of Colorado without the representation of a

licensed attorney admitted to practice in the United States District Court for the District

10

of Colorado unless he obtains permission to proceed *pro se*.

DATED at Denver, Colorado, this __25th__ day of __October__, 2010.

BY THE COURT:

__s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02089-BNB

Jonathan Lee Riches
a/k/a Bernard Madoff
Reg No. 40948-018
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 10/26/10

                            GREGORY C. LANGHAM, CLERK


                            By:_____
                                        Deputy Clerk